# ASTROM *v.* WEIMER.

PATENTS; INTERFERENCE; DILIGENCE; REDUCTION TO PRACTICE; PRIORITY.

An award of priority is properly made to a junior party in interference, whose opponent relies upon his own filing date· for conception and constructive reduction to practice, where the junior party conceived the invention and made an experimental device some four years before such filing date, and commenced work on five other devices less than two years later; and it appears that two of them were sold a few days after such filing date and gave satisfaction, and that others were subsequently built.

No. 915. Patent Appeals. Submitted November 9, 1914. Decided December 7, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.      *Affirmed.*

The facts are stated in the opinion.

*Mr. Clifton V. Edwards* and *Mr. Julian S. Wooster* for the appellant.

*Mr. Robert S. Allyn* and *Mr. Langdon Moore* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of an Assistant Commissioner of Patents in an interference proceeding awarding priority of invention to the appellee, Edgar A. Weimer.

The invention relates to a motor-operated cinder or hot

metal car provided with a fluid-checking cylinder for controlling the speed of the ladle as it moves to and from its dumping position. The counts are four in number, but the reproduction of the first will be sufficient for our purposes here:

"1. In a dumping car, the combination with a movable car body, of power devices for operating the car body, and means for controlling the speed of the car body throughout its entire movement independently of the power devices, and means for automatically varying the checking effect at a predetermined portion of the stroke."

Appellant, Carl P. Astrom, the senior party, has taken no testimony and relies upon his filing date, October 20, 1908, for conception and constructive reduction to practice. The novelty of the invention resides in the means for automatically varying the speed or movement of the ladle at a predetermined point. This Weimer attains by means of two by-passes connected to the cylinder at different distances from its ends. The obvious function of these by-passes is to shut off more or less of the liquid in the cylinder, and thus cause more or less checking action to take place. We are convinced from the evidence that Weimer conceived this invention in February, 1904; that he then caused drawings to be made embodying it, from which a blueprint introduced in evidence was traced; that an experimental car was thereupon made and successfully tested. The evidence further shows that work was commenced on five other cars, embodying the invention in December, 1905, by the company with which Weimer was identified, and that on October 28, 1908, two of those cars were sold to the Crane Iron Works, Catasaqua, Pennsylvania, and delivered to that company on November 2d and 3d, following. Those cars, according to the evidence, proved satisfactory to the Crane Company, and others were subsequently built.

We do not deem a further analysis of Weimer's evidence necessary, as we are convinced that the award of priority to him was correct. The decision is therefore affirmed.

*Affirmed.*